THE J. F. JOHNSON LUMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3019.    Promulgated July 27, 1944.

*Stanley Worth, Esq.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent.

OPINION.

STERNHAGEN. *Judge*: The Commissioner, in determining the taxpayer's excess profits tax, has refused to exclude from excess profits tax net income of the tax years, the amount of recoveries of debts which were charged off as bad debts in years prior to 1940. This holding was based on Regulations 109, section 30.711 (a)–2, providing

that section 711 (a) (1) (E), Internal Revenue Code,[1] is not applicable to a taxpayer using the reserve method of treating bad debts.

The statute is clear and unambiguous, and its directions are specific. Therefore there is no power to amend it by regulation. *Koshland* v. *Helvering*, 298 U. S. 441. There is no dispute about the facts; they are all stipulated. The taxpayer, whose accounts were regularly kept on an accrual method, had adopted and consistently used an accounting practice of treating bad debts, not by specifically charging them off when worthless, but by maintaining a reserve for bad debts and deducting each year the amount of a reasonable addition. This is a method permitted by the statute, and its use by this taxpayer has been approved by the Commissioner. In accordance with the method adopted, the recoveries in any tax year of bad debts previously charged off have been consistently included in gross income of the year of recovery and have not been credited to the bad debt reserve. For 1941 and 1942, acting in accordance with the statute, the taxpayer in its excess profits tax return excluded the income attributed to the recovery of bad debts deducted in years before 1940. The Commissioner, however, has disallowed the exclusion because the reserve method has been used to determine prior deductions, since, under that method, "recoveries are not income as such, but are a credit to the reserve." The Commissioner has disregarded the fact that the taxpayer has, in computing its net income for income tax purposes, always included bad debt recoveries in its gross income and has never credited them to the bad debt reserve. The respondent in his brief says that "the question of income is not at issue since the petitioner has included the collections in its gross income and the respondent makes no contention that the inclusion was incorrect"; and at the hearing his position was that it makes no difference whether the recoveries were "charged" to the reserve or to the income account, because, since petitioner used the reserve method, its duty was to "charge" the recoveries to the reserve.

---

[1] SEC. 711. EXCESS PROFITS NET INCOME.

(a) TAXABLE YEARS BEGINNING AFTER DECEMBER 31, 1939.—The excess profits net income for any taxable year beginning after December 31, 1939, shall be the normal-tax net income, as defined in section 13 (a) (2), for such year except that the following adjustments shall be made:

(1) EXCESS PROFITS CREDIT COMPUTED UNDER INCOME CREDIT.—If the excess profits credit is computed under section 713, the adjustments shall be as follows:

\* \* \* \* \* \* \*

(E) Recoveries of Bad Debts.—There shall be excluded income attributable to the recovery of a bad debt if a deduction with reference to such debt was allowable from gross income for any taxable year beginning prior to January 1, 1940.

Regulations 109:

"SEC. 30.711 (a)–2. *Excess profits net income if income credit is used.*—\* \* \*

"The provisions of section 711 (a) (1) (E), relating to recoveries of bad debts, are not applicable in the case of a taxpayer using the reserve method of treating bad debts as provided in sections 19.23 (k)–1 and 19.23 (k)–5 of Regulations 103."

The argument for the Commissioner is generally similar to that presented and considered in a different setting in *Ohio Loan & Discount Co.*, 3 T. C. 849. The taxpayer in that case, being on the reserve method, had included bad debt recoveries in its gross income for the year of recovery. The Commissioner, however, held that the recoveries were not correctly included in gross income, but should have been credited to the reserve; the effect of which was to reduce the other-than-personal-holding-company income. This Court considered the accounting question, held that the taxpayer using the reserve method was entitled to account for the recoveries as gross income, as it had been consistently doing, and that the Commissioner was without power to treat the recoveries as if they had been accounted for by crediting them to the bad debt reserve and thus to omit them from income. The Court held that the taxpayer's method was a proper and permissible accounting method which clearly reflected its ordinary income, and that the Commissioner had no power to disregard the method so used or to require the taxpayer's net income to be computed otherwise than by that method. Bad debt recoveries of a taxpayer using the reserve method may properly be accounted for regularly and consistently as gross income for the purpose of computing taxable net income.

Since that doctrine is established by the *Ohio Loan* decision, it inevitably follows that such gross income, if it is attributable to bad debts which were deducted prior to 1940, shall, for the purpose of excess profits tax, by virtue of section 711 (a) (1) (E), be excluded from excess profits net income, even though the taxpayer uses the reserve method of accounting for bad debts. Regulations 109, section 30.711 (a)–2, in so far as it is contrary, is disapproved.

*Decision will be entered under Rule 50.*